UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                     Case No. 16-20250

v.                                 Hon. Denise Page Hood

SEAN PERRY.

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#27]

### I.    INTRODUCTION

The matter before the Court is Defendant Sean Perry's ("Perry") Motion for Compassionate Release. On May 12, 2020, Defendant Sean Perry filed a *pro se* Motion for Compassionate Release. [ECF No. 27] The Government filed its Response [ECF No. 29] on June 12, 2020. Perry filed a Reply on June 24, 2020. [ECF No. 30; ECF No. 31]

On June 5, 2018, Perry plead guilty to Counts II, IV, and VI of the Indictment, which charged him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [ECF No. 23] On November 26, 2018, this Court sentenced Perry to 57 months in prison. [ECF No. 26]

The instant Motion argues that Perry is concerned for his health as well as the health of his mother. [ECF No. 27] The Government argues that Perry's Motion is premature because he has not complied with the statutory administrative requirements

imposed by 18 U.S.C. § 3582(c)(1)(A). The Court agrees and **DENIES** Perry's Motion **WITHOUT PREJUDICE**.

## II.   LEGAL ANALYSIS

Prior to 2018, only the Bureau of Prisons could move for the compassionate release of criminal defendants. Then the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move for compassionate release. *See* Pub. L. 115-391, Sec. 603(b)(1). But this amendment did not create an unrestricted ability to file for compassionate release; the statute provides that defendants may file such a motion only if certain conditions are met:

**(c)** Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>
>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed

under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c). Specifically, a criminal defendant may file a motion for compassionate release only if one of two things have happened: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.

Here, the first condition is not met. Perry has not provided any indication that he has exhausted all his administrative rights to appeal the BOP's failure to bring a motion on his behalf. The second condition is also not met. The Government notes that Perry has not filed a request for compassionate release with the BOP. [ECF No. 61, Pg.ID 269] The 30-day time period cannot commence without Perry filing a request.

Other circuits have previously waived the 30-day waiting period. *See Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (finding that the waiting period can be waived in cases of undue prejudice or futility, or when the administrative process is unable to grant the necessary relief). While it is true that

many courts across the country, including this one, have waived the statutory period in cases of prejudice or futility, the Sixth Circuit has now spoken. In *United States v. Alam*, the Sixth Circuit recently held that the 30-day waiting period is mandatory and that courts cannot waive it. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) ("The language Congress used is quite mandatory . . . [i]t says a 'court may not' grant relief without complying with the exhaustion requirement.") (quoting 18 U.S.C. § 3582(c)). The Court is now bound by *Alam* and cannot waive the administrative exhaustion process or statutory waiting period.

### III.   CONCLUSION

For the reasons stated above, the Court concludes that Perry has not met the conditions described in 18 U.S.C. § 3582(c)(1)(A), and that Perry's failure to follow the statutory requirements cannot be excused, even in the midst of the COVID-19 pandemic.

Accordingly,

IT IS SO ORDERED that the Court **DENIES** Perry's Motion for Compassionate Release [ECF No. 27] **WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Perry may file a new motion for compassionate release (1) if the BOP denies a request for compassionate release

and he exhausts all of his administrative rights to appeal that decision, or (2) 30 days after his warden receives his request for compassionate release.

Dated:  July 24, 2020          s/Denise Page Hood
                               United States District Court Judge